IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,  )
                           )
                           )   CRIMINAL ACTION FILE
v.                         )
                           )   NUMBER 1:14-cr-0076-TCB
MARK BERKLEY COLEMAN,      )   JFK
                           )
        Defendant.         )

**O R D E R**

This matter is before the Court on Defendant Mark Coleman's objections [36] to Magistrate Judge King's Report and Recommendation (the "R&R") [34], which recommends that Coleman's motion to suppress evidence [22] and motion to suppress statements [23] be denied.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.

whether there are objections to the R&R.  The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made."  28 U.S.C. § 636(b)(1)(C).  In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court."  *Nettles*, 677 F.2d at 410 n.8.  "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act."  *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge.  *Williams v. McNeil*, 557

---

1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).  This is to be contrasted with the standard of review on appeal, which distinguishes between the two.  *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, de novo review of the report and recommendation and Coleman's objections thereto. Having done so, the Court finds that Magistrate Judge King's factual and legal conclusions were correct and that Coleman's objections have no merit. Specifically, as set forth in the Report and Recommendation, the Court finds that Coleman's statements to law enforcement officials at his home, both oral and written, were voluntarily made. Likewise, Coleman was not coerced into consenting to the search and seizure of his computers.

Coleman's objections that he was "nervous" and "affected by the presence of the agents" does not render the encounter at his home coercive.

The totality of the circumstances simply do not support a finding that Coleman's free will was overborne by coercive law enforcement conduct. Likewise, Coleman read and signed a consent form before assisting officers in removing computers from his home. Despite Coleman's "nervousness," consent to the search and seizure was also voluntarily given.

Accordingly, the Court ADOPTS AS ITS ORDER the Report and Recommendation [34] and DENIES Coleman's motion to suppress evidence [22] and DENIES his motion to suppress statements [23].

IT IS SO ORDERED this 18th day of September, 2014.

_____
Timothy C. Batten, Sr.
United States District Judge